# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GAIL DOWDY NEAS, Personal Representative of the Probate Estates of Lola Dowdy and Monroe Dowdy, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-19-857-R |
| CHERYL L. DOWDY, and RONALD J. DOWDY, formerly Husband and wife | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before this Court is Plaintiff's Emergency Motion for Temporary Restraining Order to Stay District Court Proceedings [Doc. 3]. Therein Plaintiff requests that the Court issue an order enjoining the disbursement of certain proceeds from the sale of a marital residence involved in a divorce currently pending before the District Court of Canadian County, Oklahoma with a hearing scheduled at 1:30 p.m. on September 17, 2019.[1] The Court hereby DENIES the motion for the following reasons.

Rule 65(b)(1) of the Federal Rules of Civil Procedure limits the circumstances when the Court may issue a temporary restraining order without written or oral notice to the adverse parties or their attorneys. First, the Plaintiff must show irreparable harm, that is irreparable injury, loss, or damage. Fed. R. Civ. Pro. 65(b)(1)(A). Plaintiff alleges only money damages, which are not sufficient to establish irreparable harm. *See, e.g., First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (citations omitted)

---

[1] The case and instant motion were filed on September 16, 2019 at 1:13 p.m.

(noting that to prove irreparable harm, the movant "must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages."). Second, the movant's attorney, here Plaintiff's counsel, must certify in writing any efforts undertaken to give notice to the adverse parties or their attorneys concerning the request for a temporary restraining order and identify reasons why notice should not be required. Fed. R. Civ. Pro. 65(b)(1)(B). Plaintiff's motion does not include the required attorney's certification nor does it indicate that Defendants received notice of the requested restraining order.

Finally, even if Plaintiff had complied with the requirements of Rule 65(b), her request for an order enjoining the District Court of Canadian County would nevertheless be denied; federal courts do not ordinarily enjoin state court proceedings. *See, e.g.,* 28 U.S.C. 2283. Although the principle is subject to "three specifically defined exceptions," *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 286 (1970), the exceptions are narrow and any doubt as to their relevancy should be "resolved in favor of permitting the state courts to proceed." *Id.* at 297. Plaintiff's request does not fit into any of the three narrow exceptions. Accordingly, Plaintiff's requested relief would be improper.

Plaintiff's Motion for a Temporary Restraining Order is DENIED.

**IT IS SO ORDERED** this 17th day of September 2019.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE